IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRIAN JOHNATHAN FLINT,<br><br>    Petitioner,<br><br><br><br>    v.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | ORDER DENYING MOTION TO<br>CORRECT SENTENCE<br><br><br><br>Case No. 1:16-CV-00073-TC<br>Crim. Case No. 1:11-CR-00020-TC<br><br><br>Judge Tena Campbell |

Brian Johnathan Flint pleaded guilty to possessing a stolen firearm and to possessing a controlled substance.  In his plea agreement, Mr. Flint agreed to a sentence of 120 months and he waived his right to collaterally challenge his sentence.  Now, in spite of his waiver, Mr. Flint seeks to collaterally challenge his sentence by arguing that the Supreme Court's decision in Johnson v. United States rendered his sentence unconstitutional.  See 135 S. Ct. 2551 (2015).

Because the court holds that Mr. Flint's collateral-challenge waiver is enforceable, the court DENIES his motion.

## <u>BACKGROUND</u>

In 2012 Mr. Flint entered into a plea agreement with the government under Federal Rule of Criminal Procedure 11(c)(1)(C). Mr. Flint pleaded guilty to possessing a stolen firearm in violation of 18 U.S.C. § 922(j) and to possessing a controlled substance in violation of 21 U.S.C. § 844(a). As part of his 11(c)(1)(C) plea agreement, the parties agreed to a sentence of 120 months and Mr. Flint agreed to waive his right to collaterally challenge his sentence:

> [Mr. Flint agrees t]o knowingly, voluntarily, and expressly waive his right to challenge his sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255.

(Statement in Advance of Plea, Crim. Doc., ECF 58, § 12(A)(3)(a-d)).

Mr. Flint's plea agreement contained a stipulated factual basis which included Mr. Flint's admission to several prior felony convictions. In presenting this agreement to the court, Mr. Flint agreed that he knowingly and voluntarily waived his right to collaterally challenge his sentence.

2

There was no presentence report but the court accepted the 11(c)(1)(C) agreement and sentenced Mr. Flint to 120 months in custody.  A month after Mr. Flint's sentencing the U.S. Probation Office for the U.S. Bureau of Prisons prepared and submitted to the court a Supplemental Report (the Report) regarding Mr. Flint's criminal history.  The Report, which was not reviewed by the court before sentencing Mr. Flint, classified one of Mr. Flint's previous felony convictions as a "crime of violence" under the residual clause of United States Sentencing Guidelines.  USSG § 4B1.2.  With this crime of violence, the Report recommended 77 to 96 months in custody.

In 2015 the Supreme Court ruled in <u>Johnson v. United States</u> that the Armed Career Criminal Act's (ACCA) definition of a "crime of violence" was unconstitutionally vague because of the inclusion of its residual clause.  135 S. Ct. 2551, 2563 (2015).  Later, the Tenth Circuit in <u>United States v. Madrid</u> held that the identical residual clause in the Sentencing Guidelines—the clause relied on in the Report to classify one of Mr. Flint's felony convictions as a crime of violence—also qualified as unconstitutionally vague under <u>Johnson</u>.  <u>See</u> 805 F.3d 1204, 1211 (10th Cir. 2015).

## ANALYSIS

Mr. Flint brings this motion, contending that his sentence is unconstitutional in light of the rulings in <u>Johnson</u> and <u>Madrid</u>. Admitting that he waived his right to collaterally challenge his sentence, Mr. Flint argues that the waiver should not be enforced because (1) he did not agree to the waiver knowingly and voluntarily as "the right under <u>Johnson</u> had not been recognized at the time [he] agreed" to it and (2) Johnson rendered his sentencing unconstitutional and, consequently, the waiver is unlawful. (<u>See</u> Reply in Supp. of Pet'r's § 2255 Mot., Civ. Doc., ECF 12, 3–4.)

The Government responds that Mr. Flint's collateral-challenge waiver is enforceable. According to the Government, Mr. Flint knowingly and voluntarily waived his right to collaterally challenge his sentence, as evidenced by the plea agreement itself and the plea colloquy. The Government also asserts that though <u>Johnson</u> created a change in the law, it does not render Mr. Flint's waiver unlawful.

## I.    Mr. Flint Knowingly and Voluntarily Waived His Right to Collaterally Challenge His Sentence.

In <u>United States v. Cockerham</u>, the Tenth Circuit held that "a waiver of collateral attack rights brought under § 2255 is generally enforceable where the

4

waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." <u>See</u> 237 F.3d 1179, 1183 (10th Cir. 2001).  When determining whether a collateral-challenge waiver is entered knowingly and voluntarily, a court must first examine "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily." <u>United States v. Hahn</u>, 359 F.3d 1315, 1325 (10th Cir. 2004). Second, the court must "look for an adequate Federal Rule of Criminal Procedure 11 colloquy." <u>Id.</u>

Here, Mr. Flint does not contend that the language of the plea agreement fails to state that he entered the agreement knowingly and voluntarily.  Nor does Mr. Flint assert that the court failed to conduct an adequate Federal Rule of Criminal Procedure 11 colloquy.  Rather, Mr. Flint argues that he did not agree to be sentenced unconstitutionally.  But in making this argument, Mr. Flint "[i]mproperly focus[es] on the prospective result of the sentencing proceeding rather than the right relinquished." <u>Id.</u> at 1326.  The point is Mr. Flint agreed to relinquish his right to collaterally challenge his sentence.  As the Tenth Circuit noted in a markedly similar post-<u>Johnson</u> case, the fact that a petitioner's "relinquishment of this right results in the lost opportunity to raise a constitutional

challenge under <u>Johnson</u> reflects the natural operation, not the invalidity, of the waiver." <u>United States v. Frazier-LeFear</u>, 2016 WL 7240134, at *4 (10th Cir. Dec. 15, 2016).  Mr. Flint knew he was waiving his right to collaterally challenge his sentence.  He did so voluntarily.  That he did not foresee the opportunity to raise a <u>Johnson</u>-based challenge is immaterial to this analysis.

## II.    Mr. Flint's Waiver Is Not Otherwise Unlawful.

For a collateral-challenge waiver to be enforceable, it must not create a "miscarriage of justice."  <u>Hahn</u>, 359 F.3d at 1327.  In <u>Hahn</u> the Tenth Circuit described the waivers that would constitute a "miscarriage of justice":

> Appellate waivers are subject to certain exceptions, including [1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.

<u>Id.</u> (internal quotation marks omitted).  A miscarriage of justice arises only when "enforcement would result in one of the four situations enumerated."  <u>Id.</u>  But the error making the waiver unlawful must "seriously affect the fairness, integrity or public reputation of judicial proceedings."  <u>Id.</u> at 1329.

Regarding the fourth exception, many defendants have attempted to "sever the 'otherwise unlawful' language . . . from its association with 'the waiver' by

asserting legal error involving other aspects of the proceedings (typically the determination of sentence) as a basis for finding a miscarriage of justice." Frazier-LeFear, 2016 WL 7240134, at *2.  The Tenth Circuit has consistently rejected these arguments, clarifying that the fourth exception "looks to whether the waiver is otherwise unlawful, not to whether another aspect of the proceeding may have involved legal error."  United States v. Smith, 500 F.3d 1206, 1214 (10th Cir. 2007) (citation and internal quotation marks omitted); see also United States v. Sandoval, 477 F.3d 1204, 1208 (10th Cir. 2007) ("Our inquiry [under the fourth exception] is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible.").  The Tenth Circuit explained that "[t]o allow alleged errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive."  Smith, 500 F.3d at 1213.

In addition, "the fact that [an] alleged error arises out of a change in the law subsequent to [a] defendant's plea does not alter the above analysis."  Frazier-LeFear, 2016 WL 7240134 at *6.

> The essence of plea agreements . . . is that they represent a bargained-for understanding between the government and criminal

7

> defendants in which each side foregoes [sic] certain rights and
> assumes certain risks in exchange for a degree of certainty as to
> the outcome of criminal matters.   One such risk is a favorable
> change in the law.   To allow defendants or the government to
> routinely invalidate plea agreements based on subsequent changes
> in the law would decrease the prospects of reaching an agreement
> in the first place, an undesirable outcome given the importance of
> plea bargaining to the criminal justice system.

United States v. Porter, 405 F.3d 1136, 1145 (10th Cir. 2005).

Here, Mr. Flint does not argue that the first three Hahn exceptions apply. Instead, Mr. Flint asserts that the collateral-challenge waiver is "otherwise unlawful" because the recommended sentencing was unconstitutional under Johnson.  The court first notes that Mr. Flint's argument is problematic because the court did not base his sentence on the Report and its recommended sentence. In fact, the court did not receive the Report until after his sentencing.  But even if the court had based Mr. Flint's sentence on the guideline range recommended in the Report, or even if the pressure of the guidelines range influenced his negotiations, this would not make the waiver itself otherwise unlawful.   The Tenth Circuit has repeatedly emphasized that to create a miscarriage of justice the waiver itself must be unlawful, not some other aspect of the proceeding or the sentence.   See Smith, 500 F.3d at 1213 (citation and internal quotation marks omitted); Sandoval, 477 F.3d at 1208.   Mr. Flint focuses on error in his

8

sentencing and fails to establish that his collateral-challenge waiver itself is unlawful.  Consequently, Mr. Flint fails to establish a miscarriage of justice.

The Tenth Circuit's recent ruling in United States v. Frazier-LeFear supports this conclusion.  2016 WL 7240134.  There, the Tenth Circuit was faced with a remarkably similar case: the petitioner had entered into an 11(c)(1)(C) plea agreement waiving her right to collateral and appellate review but argued that her waiver was unenforceable because Johnson rendered her sentence unlawful.  Id. at *1–2.  The Tenth Circuit rejected this argument.  Id. at *4.  It held that Ms. Frazier-LeFear's challenge to the Johnson-based sentencing enhancement "is a challenge to the lawfulness of her sentence, not to the lawfulness of her waiver. As such, . . . it does not provide a basis for holding enforcement of the waiver to be a miscarriage of justice."  Id.  The Tenth Circuit noted that if the standard were to turn solely on the lawfulness of the sentence, rather than the waiver itself, claims "of sentencing error—the very sort of claim intended to be waived— would routinely trigger the exception and nullify the waiver."  Id.  Such a result runs "contrary to the fundamental thrust of [the Tenth Circuit's] waiver jurisprudence."  Id.

Though <u>Frazier-LeFear</u> is unpublished and, consequently, not precedential, the court agrees with its reasoning.  Collateral-challenge waivers are enforceable for claims of error that do not render the waiver itself unlawful, even if the alleged error arises out of a subsequent change in law.

## CONCLUSION

Mr. Flint entered into his collateral-challenge waiver knowingly and voluntarily.  And although the Supreme Court changed the law in <u>Johnson</u>, such a change in the law did not render Mr. Flint's waiver itself unlawful. Consequently, the court enforces Mr. Flint's collateral-challenge waiver and DENIES his Motion to Correct Sentence under 28 U.S.C. § 2255.

DATED this 18th day of January, 2017.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge

10